**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ILENE POSES, | : | Civil Action No. 15- |
| LISA HAVER and | | |
| BARBARA DOWDALL, | | |
| **Plaintiffs** | : | |
| v. | | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA, | | |
| OFFICER JOHN DOE(S), | : | |
| Individually and as police officers for the | | |
| City of Philadelphia | | |
| SCHOOL REFORM COMMISSION, | : | |
| WILLIAM J. GREEN, | | |
| Individually and as Chairman of the | | |
| School Reform Commission, | : | |
| CARL W. HOLMES, JR., | | |
| Individually and as Chief Inspector for | | |
| School Safety, | : | |
| JOHN AUGUSTINE, | | |
| Individually and as School Police Administrator | | |
| OFFICER RICHARD ROE(S), | : | |
| Individually and as police officers for the | | |
| School District of Philadelphia, | | |
| **Defendants** | : | |

**COMPLAINT**
**Introduction**

1.  Plaintiffs attended a public session of the School Reform Commission to observe the proceedings and peacefully communicate their support of public schools and opposition to the funding of additional charter schools in Philadelphia.  While supporters of charter schools were permitted to express their viewpoint, the plaintiffs were not.  Defendants confiscated small posters from the plaintiffs that contained messages of public importance, and forcibly removed one of the plaintiffs and others from the public meeting.  Defendants thereby violated the plaintiffs' rights to free speech and assembly under the First Amendment, and their right to be free from unlawful seizures and detention under the Fourth Amendment.  Plaintiffs seek

damages, a declaratory judgment that the defendants' practices are unconstitutional, and injunctive relief enjoining the defendants from further interference with the plaintiffs' First Amendment rights.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §1983.  Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision.  Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## PARTIES

3.  Plaintiffs Ilene Poses, Lisa Haver and Barbara Dowdall are residents of Philadelphia, Pennsylvania, and at all times relevant to this action were in the Eastern District of Pennsylvania.

4.  Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs defendants John Does(s).

5.  Defendants John Doe(s) (hereinafter "the defendant PPD officers") are police officers for the Philadelphia Police Department (PPD) acting under color of state law.  They are being sued in their individual capacities.

6.  Defendant School Reform Commission (SRC) is a governmental entity under the laws of the Commonwealth of Pennsylvania and the City of Philadelphia that was established in 2001 to operate and administer the School District of Philadelphia.  The SRC operates, manages, directs and controls the Philadelphia School District (PSD) which employs defendants William J. Green, Carl W. Holmes, Jr., John Augustine and Richard Roe(s).

2

7.  Defendant William J. Green is a member of the SRC and at the time of the incident that gave rise to the Complaint was the Chairman of the SRC acting under color of state law.  He is being sued in his individual and official capacities.

8.  Defendant Carl W. Holmes, Jr., is Chief Inspector of School Safety for the School District of Philadelphia.  He is being sued in his supervisory and individual capacities.

9.  Defendant John Augustine is the School Police Administrative Lieutenant for the School District of Philadelphia.  He is being sued in his supervisory and individual capacities.

10.  Defendants Richard Roe (s) (hereinafter "the defendant PSD officers") are police officers for the Philadelphia School District acting under color of state law.  They are being sued in their individual capacities.

11.  At all times relevant to this Complaint, all defendants acted in concert and conspiracy and under color of state law, and their actions and conduct deprived the plaintiffs of their constitutional and statutory rights.

## FACTUAL ALLEGATIONS

12.  The School Reform Commission has a long-standing policy and practice of conducting public sessions at the School District Education Center, 440 North Broad Street in Philadelphia.  The sessions are generally open to members of the public so that interested individuals can express their viewpoints on issues of importance to public education.

13.  At public sessions of the SRC prior to February 18, 2015, individuals in attendance were permitted to express their viewpoints through written messages contained on signs, posters and T-shirts.  The messages pertained to issues impacting public school education.

14.  For several years, one of the most contentious issues considered by the SRC is the

establishment and funding of charter schools in Philadelphia.

15.  At SRC sessions, individuals in attendance generally include both supporters and opponents of charter schools.

16.  On February 18, 2015, the School Reform Commission held a public session in the Auditorium at the School District Education Center, 440 North Broad Street in Philadelphia.

17.  The sole purpose of the meeting was for the SRC to consider pending applications by thirty-nine charter schools for approval and funding.

18.  Among the charter school applicants was KIPP, a national network that operates charter schools throughout the country.

19.  Supporters of KIPP attended the meeting and were provided T-shirts displaying messages of support for the KIPP applications and charter schools.  The T-shirts were worn by charter school supporters inside the SRC meeting room and in a nearby "overflow room."

20.  Plaintiffs and others who opposed the funding of charter schools, including the KIPP schools, had small posters that contained messages in opposition to the funding of charter schools.

21.  Plaintiffs were thus seeking to exercise their right to free speech, expression and assembly as guaranteed by the First Amendment, the same activities engaged in by the charter school supporters.

22.  Without cause or justification, and at least in part in retaliation for the exercise of the plaintiffs' First Amendment rights and to chill the exercise of those rights, the defendants seized the plaintiffs, confiscated their signs, and violated the plaintiffs' liberty interests.

**Plaintiff Ilene Poses**

23.  Ms. Poses was inside the "spillover room" where she and other members of the public could watch on closed circuit television the SCR session taking place in the Auditorium.

24.  There were KIPP supporters in the same "spillover room" wearing T-shirts that contained messages in support of charter school funding.

25.  Ms. Poses had a 20" by 14" sign secured to the front of her body that was held in place by a string around her neck.  The sign contained a message in opposition to the applications of the charter schools.

26.  The sign held by Ms. Poses was displayed in such a manner as to not block anyone's view of the proceedings, and was no larger than the T-Shirts worn by the KIPP supporters.

27.  At that time and place, without cause or justification, defendant PPD officers John Doe(s) told Ms. Poses that she was not permitted to have signs, grabbed Ms. Poses, forcibly removed her from the School District Education Center, and told her not to attempt to re-enter the building.

28.  Defendant PPD officers John Doe(s) used unreasonable and unnecessary force in removing Ms. Poses from the premises, causing bruising on her left arm and other injuries.

**Plaintiff Lisa Haver**

29.  Ms. Haver was inside the auditorium prior to the start of the SRC session.  She was holding a sign that displayed a message in opposition to charter school funding.  While the sign was somewhat larger than the sign held by Ms. Poses, it was being held in a manner that did not block anyone's view of the proceedings.

30.  At that time and place, without cause or justification, defendant John Augustine, the

5

School District Administrative Lieutenant, snatched the sign from Ms. Haver and then reached into her bag and seized several other signs.

31.   Shortly after the signed was taken, the SCR members entered the auditorium.  Ms. Haver approached defendant William Green and asked why they were not being allowed to have signs.  Defendant Green responded: "That's our policy tonight."

32.   Ms. Haver later asked defendant Augustine to return her signs.  Augustine told her that he had thrown out the signs.

**Plaintiff Barbara Dowdall**

33.   Ms. Dowdall was in the "spillover room" holding a sign that displayed a message in opposition to charter school funding.  While the sign was somewhat larger than the sign held by Ms. Poses, it was being held in a manner that did not block anyone's view of the proceedings.

34.   At that time and place, without cause or justification, defendant Carl Holmes, Jr., Chief Inspector of School Safety for the School District, snatched the sign from Ms. Dowdall and ordered her to leave the building.

35.   At no time did the plaintiffs pose a threat of harm to the defendant officers or any other police officers or civilians.

36.   Plaintiffs did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia, or engage in any conduct which justified the actions of all defendant.

37.   The unlawful seizures, detentions and use of force in this case were the direct result of all defendants' decision to subject the plaintiffs to different treatment than others based on the content and/or viewpoint of their speech and expression in violation of the First Amendment.

6

38.  The defendants' decision to prohibit the plaintiffs from expressing their viewpoints with messages contained on small posters or signs was not narrowly tailored to serve any governmental interest.

39.  The defendants' decision to prohibit the expression of viewpoints with messages contained on small posters or signs did not leave open ample alternative channels for communication of information by the plaintiffs and others.

40.  The meeting of the SRC in the Auditorium and "spillover room" was conducted in a place that has traditionally been open for free speech activities.

41.  For many years prior to the session on February 18, 2015, members of the public attended sessions of the SRC and were permitted to carry or display signs that contained messages relating to issues of public importance.

42.  The defendants acted intentionally, knowingly, recklessly, willfully, deliberately, maliciously and/or with reckless disregard of the plaintiffs' constitutional and statutory rights.

43.  As a direct and proximate result of the actions of all defendants, the plaintiffs suffered and continue to suffer harms and violations of their civil rights.

44.  By their actions, conduct, policies and/or practices, all defendants violated the plaintiffs' constitutional rights by interfering with and/or retaliating against the plaintiffs for the exercise of their First Amendment rights to free speech, expression and assembly and/or to chill the free exercise of those rights, and by subjecting the plaintiffs to unlawful searches, seizures, the unreasonable use of force, and/or unlawful detention.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

45.  Plaintiffs incorporate by reference paragraphs 1-44 of the instant Complaint.

46.  As a direct and proximate result of all defendants' conduct, committed under color of state law, the plaintiffs were deprived of their rights to free speech, expression and assembly, to be free from the unreasonable use of force, unlawful arrest and detention, to be secure in one's person and property and to due process of law.  As a result, the plaintiffs suffered and continue to suffer harm in violation of their rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

47.  As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, harms, and loss of liberty, all to their detriment and harm.

48.  Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a.  The proper exercise of police powers, including but not limited to improper searches and seizures, the unreasonable use of force, unlawful arrest and unlawful detention in retaliation for the exercise of First Amendment rights, to chill the free exercise of those rights, and/or other federally guaranteed constitutional rights; and

b.  The failure of police officers to follow established policies, procedures, directives and instructions regarding searches, seizures, the use of force and arrest powers under such circumstances as presented in this case.

49.  Defendant School Reform Commission has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a.  The proper exercise of police powers, including but not limited to improper searches

8

and seizures, the unreasonable use of force, unlawful arrest and unlawful detention in retaliation for the exercise of First Amendment rights, to chill the free exercise of those rights, and/or other federally guaranteed constitutional rights; and

b.  The failure of police officers and officvials to follow established policies, procedures, directives and instructions regarding searches, seizures, the use of force and arrest powers under such circumstances as presented in this case.

50.  As a final policy-maker for the SRC, the decision by defendant Green, without cause or justification, to revoke the long-established policy and practice of permitting the use of signs and posters by members of the public in attendance at SRC sessions violated the First Amendment and caused the harms suffered by the plaintiffs.

51.  Defendants have by the above described actions deprived the plaintiffs of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

52.  Plaintiff incorporates by reference paragraphs 1-51 of the instant Complaint.

53.  The acts and conduct of defendants William Green, Carl Holmes, John Augustine and John Doe(s) in this cause of action constitute assault and battery as to all plaintiffs, and false arrest/false imprisonment as to plaintiff Ilene Poses, under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiffs request the following relief:

a.  Compensatory damages as to all defendants;

b.  Punitive damages as to the individual defendants;

c.  Reasonable attorney's fees and costs as to all defendants;

d.  A judgment declaring that the defendants' policy and practice of interfering with the plaintiffs' exercise of their right to free speech, expression and assembly under the First Amendment to the United States Constitution is unconstitutional;

e.  Enjoin the defendants from interfering with the plaintiffs' exercise of their right to free speech, expression and assembly under the First Amendment to the United States Constitution; and

f.  A jury trial as to each defendant and as to each count.


   S/ Paul Messing              
Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, MESSING & FEINBERG
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
Counsel for Plaintiff